IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

DENISE LAFAY PATTERSON,

    Plaintiff,

                                  No. 14-2947-SHM-dkv

vs.

FEDERAL EXPRESS – TECH
OPERATIONAL TRAINING,

    Defendant.
_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On December 9, 2014, the plaintiff, Denise LaFay Patterson ("Patterson"), filed a *pro se* complaint against the defendant, Federal Express – Tech Operational Training ("FedEx"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Compl., ECF No. 1.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*, (Mot., ECF No. 2), which the court granted on December 9, 2014, (Order, ECF No. 5). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that Patterson's complaint be dismissed for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

Patterson filed her complaint on a court-supplied form styled "Complaint under Title VII of the Civil Rights Act of 1964." In the complaint, Patterson alleges that FedEx discriminated against her on December 18, 2012, by failing to promote her. (Compl. ¶ 9, ECF No. 1.) She did not check any of the boxes for a protected class under Title VII. In describing the circumstances that gave rise to her allegation of discrimination, Patterson states the following:

> I have permanently employed with Federal Express for eight years at the time of the issue. I was hired to work in the TOT department as a receptinish [sic]. My department management sent me to New Horizon to take many different training courses so that I could learn houw [sic] to use graphc software. The purpose of this training Instructor's [sic]. This training enabled me to prepare and edit training and instructional manuals that were normally the responsibility of Senior Developers. As a receptionist I was a grade level 4 and I was performing the work of a grade level 26 without any additional increase in salary or grade for six years. When the position was posted for a Sr. Developer in the department in December 2012, I applied for the position and I was told by my manager Simon Fill it appeared I didn't have the experience nor education for the job[.] Federal Express likes to be known for hiring and promoting within but for the position in question a white male from outside the company was hire [sic].

(*Id.* ¶ 10.)

The complaint states that Patterson filed charges against Federal Express with the Equal Employment Opportunity Commission ("EEOC") on March 13, 2013, and that the EEOC issued a Notice of Right to Sue which was received by her on December 9, 2014. (*Id.* ¶¶ 7,9.) Attached to her complaint is the right-to-sue notice mailed by the

EEOC on September 9, 2014. (Dismissal & Notice of Rights, ECF No. 1-1.)

Patterson seeks the following relief: "Defendant be directed to [pay] the salary of a grade 26 for the past six years that I performed the duties [and] TOT Management diversity and equal opportunity training."
(Compl. ¶ 12, ECF No. 1.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.  <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

4

The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that

5

duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Patterson's Title VII Claim</u>

The essential elements of a Title VII discrimination claim are (1) that the plaintiff is a member of a protected group; (2) that she was subjected to an adverse employment decision; (3) that she was qualified for the position; and (4) that either similarly situated non-protected employees were treated more favorably or she was replaced by someone outside her protected class. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

In the instant case, Patterson alleges that she was discriminated against based solely on Fedex's failure to promote her. She does not claim she is a member of a protected group under Title VII. Nor has she indicated the basis anywhere in the complaint for her allegations of discrimination under Title VII. Thus, she fails to state a claim under Title VII.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Patterson's Title VII claims against FedEx be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 12th day of December, 2014.

                                        s/Diane K. Vescovo
                                        DIANE K. VESCOVO
                                        CHIEF U.S. MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.