IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DENISE LAFAY PATTERSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )     No. 14-2947 |
| | ) |
| **FEDERAL EXPRESS – TECH** | ) |
| **OPERATIONAL TRAINING,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On December 9, 2014, Plaintiff Denise LaFay Patterson ("Patterson") filed her pro se Complaint against Defendant Federal Express – Tech Operational Training ("FedEx"). (Compl., ECF No. 1.) Patterson alleges that FedEx discriminated against her by failing to promote her. (Id.)

Before the Court is the Magistrate Judge's December 12, 2014 Report and Recommendation (the "Report") recommending that the Court dismiss the Complaint sua sponte. (Report, ECF No. 6.) No objection to the Report has been filed and the time to do so has passed. For the following reasons, the Report is ADOPTED and the case is DISMISSED.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis,

237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

The Magistrate Judge finds that Patterson failed to allege an essential element of a Title VII discrimination claim: that Patterson is a member of a protected group under Title VII. (Report at 6) (citing Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 363 (6th Cir. 2010)). The Magistrate Judge recommends that the Court sua sponte dismiss Patterson's Title VII claims, pursuant to 28 U.S.C. § 1915(e)(2)(ii). (Id.) The Report states that any objections must be filed within fourteen (14) days after service of the Report. (Id. at 7); see also 28 U.S.C. § 636(b)(1)(C)("Within fourteen days after being served

2

with a copy [of the Magistrate Judge's Report], any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of the court.").

Because no party has objected, <u>Arn</u> counsels the Court to adopt the Report in its entirety. <u>Arn</u>, 474 U.S. at 151. Adopting the Report is consistent with the policies underlying § 636, specifically judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." <u>Howard v. Sec'y of Health & Human Servs.</u>, 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED and the case is DISMISSED.

So ordered this <u>13th</u> day of January, 2015.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE